**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5166-17T3

DANIEL MADDEN,

     Plaintiff-Appellant,

v.

VICTOR C. DONNELLY,

     Defendant-Respondent.

_____

Argued March 6, 2019 – Decided May 15, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. C-000082-18.

Kenneth W. Thomas argued the cause for appellant (Lanza Law Firm, LLP, attorneys; Kenneth W. Thomas, of counsel and on the briefs).

Timothy J. Petrin argued the cause for respondent (James D. Curry, Jr., attorney; Timothy J. Petrin, on the brief).

PER CURIAM

Plaintiff Daniel Madden appeals a July 6, 2018 order dismissing his complaint with prejudice for "failure to state a claim upon which relief can be granted." R. 4:6-2(e). We affirm.

The essential facts are not in dispute. Defendant Victor Donnelly's father, John Donnelly (decedent), became acquainted with Madden when the two worked together years earlier. They maintained their friendship after retirement.

Decedent told Madden that he wanted Madden to receive money he had in a bank account, and he opened a payable on death (POD) account with over $100,000, naming Madden as the recipient in the event of his death. Decedent's relationship with Donnelly was troubled at that time. While visiting New Jersey sometime before his death, decedent did not mention any change to the account.

Months before his death, decedent became ill and reconciled with his son. Donnelly took decedent into his home. Decedent then named his son in a durable power of attorney, in a durable power of attorney for healthcare and designation of healthcare representative, and as his only beneficiary in his last will and testament.

The bank account is the estate's only significant asset. Donnelly certified that although decedent wanted to transfer the account into his name only, he became too ill to make the trip to the bank. Accordingly, Donnelly, using the

A-5166-17T3

durable power of attorney, changed the account from POD to solely in decedent's name.

Madden's amended complaint demands relief based on conversion, unlawful taking, and replevin. In addition, it alleges Donnelly breached his fiduciary duty to decedent and was unjustly enriched by his conduct.

On appeal, Madden asserts the following points of error:

POINT I:
THE LOWER COURT ERRED WHEN IT DETERMINED DISPUTED ISSUES OF MATERIAL FACT THAT DEPEND PRIMARILY ON CREDIBILITY DETERMINATIONS WITHOUT HEARING TESTIMONY OF THE PARTIES OR EVEN ORAL ARGUMENT AND ONLY ON CONFLICTING CERTIFICATIONS.

POINT II:
THE LOWER COURT ERRONEOUSLY FAILED TO APPRECIATE A CONSTRUCTIVE TRUST SHOULD BE IMPOSED TO GIVE EFFECT TO THE DECEDENT'S INTENDED DISPOSITION OF HIS PROPERTY WHERE, AS HERE, DEFENDANT BREACHED HIS FIDUCIARY DUTY & UNJUSTLY ENRICHED HIMSELF WHEN IT IS DISPUTED DECEDENT NAMED PLAINTIFF "POD" ON HIS BANK ACCOUNT AND REPEATEDLY TOLD PLAINTIFF HE WANTED HIM TO HAVE HIS MONEY WHEN [HE] PASSED AWAY; THAT DECEDENT DID NOT HAVE A GOOD RELATIONSHIP WITH DEFENDANT [AND QUESTIONED] HIS PATERNITY WHILE DEFENDANT ADMITTED TO PLAINTIFF HE MOVED THE MONEY USING THE POWER OF

A-5166-17T3

ATTORNEY DECEDENT GAVE HIM ON THE ADVICE OF HIS FORMER ATTORNEY SO IT WOULD NOT GO TO HIS FATHER (DECEDENT)'S CO-WORKER.

POINT III:
THE LOWER COURT ERRED BY NOT PERMITTING PLAINTIFF TO ASSERT PROPERTY CLAIMS.

We affirm the order dismissing the amended complaint for the reasons stated by Judge Francis R. Hodgson, Jr. in his cogent written decision.

On our review of the order dismissing the amended complaint pursuant to Rule 4:6-2(e), "we assume that the allegations in the pleadings are true and afford the pleader all reasonable inferences." Sparroween, LLC v. Twp. of W. Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017) (citation omitted). We review de novo orders dismissing complaints for failure to state a claim under Rule 4:6-2(e). "Where . . . it is clear that the complaint states no basis for relief and that discovery would not provide one, dismissal of the complaint is appropriate." Ibid. (quoting J.D. ex rel. Scipio-Derrick v. Davy, 415 N.J. Super. 375, 397 (App. Div. 2010)).

Even assuming all the facts alleged are true and drawing all favorable inferences in Madden's favor, the complaint fails to state a basis for relief to be granted. Dismissal is appropriate.

4

Judge Hodgson "broke[] down" Madden's claims made into two categories—property offenses including conversion, unlawful taking, and replevin, and breach of fiduciary offenses, including unjust enrichment. As he said, N.J.S.A. 17:16I-2(j) "defines a POD account as 'an account payable on request to one person during lifetime and on his death to one or more P.O.D. payees, or to one or more persons during their lifetimes and on the death of all of them to one or more P.O.D. payees[.]'" By its very nature, a POD account vests no property rights in the survivor until the death. See N.J.S.A. 17:16I-2(g). Thus, Madden had no property interest in the account so long as decedent was alive, including when Donnelly transferred the account into just his father's name. Since Madden had no interest in the account because it was transferred before decedent's death, he not only has no vested ownership rights, he has no standing to maintain any action against Donnelly. He would have had standing, obviously, had the account remained POD at the time of death, but that did not occur.

Under N.J.S.A. 46:2B-8.13, Donnelly had an absolute right to move the funds into an account solely in his father's name. Donnelly did not gift himself the funds. The transfer occurred during decedent's lifetime with his full

A-5166-17T3

knowledge, consent, and at his direction. On this record, there is no reason to conclude it was made otherwise.

As Judge Hodgson put it, "the immediate effect was to transfer property to the sole possession of the principal[.]" Therefore, there was no breach of fiduciary duty. Thus, the amended complaint does not allege any cause of action.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-5166-17T3